IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

JAMES W. KYSER,          *
               *
  Plaintiff,           *
               *
vs.               *  Case No.: 09-98
               *
NATIONWIDE CREDIT SERVICES,   *
INC., d/b/a as NCSCORP,      *
               *
  Defendants.         *

## COMPLAINT

COMES NOW the Plaintiff, James W. Kyser, (hereafter the "Plaintiff") by and through his undersigned counsel, and for his complaint against the Defendant herein, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION

2. Plaintiff asserts a claim which arises under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367.

### PARTIES

3. The Plaintiff is a natural person and resident of the Mobile County, Alabama. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant Nationwide Credit Service, Inc. d/b/a as NCS Corp ("NCS"), is a corporation which is, upon information and belief, incorporated under the laws of the State of Washington and has its principal place of business in the State of Washington. For all relevant times, NCS was engaged in business within the State of Alabama, including the collection of debts. NCS is regularly engaged in the practice of debt collection.

## FACTS

5. On or about February 29, 2008, Defendant sent a collection letter to Plaintiff stating it had purchased an account from a company called Elan Financial and that he owed a balance of $2,803.85 on that account. Defendant demanded immediate payment.

6. The February 29, 2008 collection letter was the initial contact by Defendant to Plaintiff regarding this alleged account. Nowhere in that letter or in any subsequent communications with Defendant, did Defendant provide any disclosure of the Plaintiff's right to dispute the debt.

7. Plaintiff, to his knowledge, has never held an account with a company called Elan Financial or an account with Defendant.

8. Defendant failed to provide any verifying information to the Plaintiff and instead took collection actions in the absence of any documentation supporting the claim that Plaintiff owed this account. These collection actions included sending the aforesaid February 29th collection letter, as well as referring the account to subsequent and separate debt collection companies for further collection actions to be taken against Plaintiff.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

9. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

10. This is a claim asserted against NCS for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

11. Defendant NCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Defendant has violated the FDCPA in connection with its attempts to collect on the alleged Elan Financial account. Defendant's violations include, but are not limited to, the following:

    a. Making repeated attempts to collect upon a debt without notifying Plaintiff that he has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

    b. Attempting to collect amounts which are not authorized by any contract or

    judgment in violation of 15 U.S.C. § 1692f(1); and

  c. Taking action in an attempt to collect a debt in spite of its failure, after Plaintiff disputed the debt, to provide written verification of the debt. This is a violation of 15 U.S.C. § 1692g(b).

13. Some or all of the actions taken by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

14. As a proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment.

15. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant NCS for the following:

 A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;

 B. Statutory damages pursuant to 15 U.S.C. 1692k;

 C. Declaratory judgment that Defendant's conduct violated the FDCPA;

 D. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

 E. Such other and further relief as this Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kjr@alaconsumerlaw.com

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

NCSCorp
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104